IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EUGENE MITCHELL, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 05-CV-298-JHP-FHM ) |
| MARTY SIRMONS, Warden, | ) ) |
| Respondent. | ) ) |

## **ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, has filed a response to the motion (Dkt. # 9). In addition, Petitioner has filed a motion for evidentiary hearing and for order appointing counsel (Dkt. # 10), and a motion to expedite cause (Dkt. # 11). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss shall be granted. Petitioner's motions shall be declared moot.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Murder (Count I), and two (2) counts of Shooting With Intent to Kill (Counts II and III), in Tulsa County District Court, Case No. CF-01-1107. He was sentenced to life imprisonment with the possibility of parole (Count I) and fifteen (15) years imprisonment on each of Counts II and III. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on June 2, 2003, his convictions were

affirmed (Dkt. # 8, Ex. 1). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court. Petitioner has not sought post-conviction relief in the state courts.

On May 31, 2005, Petitioner filed the instant federal petition for writ of habeas corpus (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this

habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on August 31, 2003, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on August 31, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 31, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner has not sought post-conviction relief in the state courts. Therefore, Petitioner cannot benefit from the tolling provision in § 2244(d)(2). Unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition, filed May 31, 2005, or approximately nine (9) months after expiration of the limitations period, is untimely.

In response to the motion to dismiss, Petitioner does not dispute the limitations calculations set forth by Respondent. See Dkt. # 9. Petitioner asserts, however, that he is entitled to equitable tolling of the limitations period because he did not confirm that the OCCA had affirmed his convictions until May 20, 2005. See id. at 1. Petitioner explains that after the filing of his direct appeal brief in December of 2002, his appellate attorney advised his mother that it would take "several months" for the appellate court to render an opinion. See id. at 2. Although Petitioner claims that his mother contacted the attorney on several occasions, she was told each time that the

appeal remained pending. According to Petitioner, his mother first learned in June of 2004 that Petitioner's convictions had been affirmed on direct appeal. Id. Petitioner acknowledges that his mother informed him of the outcome of the direct appeal in June of 2004. Nonetheless, Petitioner simply waited "patiently" to hear from his attorney. Id. He claims he finally wrote a letter to his attorney in April of 2005, but received no response. On May 18, 2005, Petitioner wrote to the OCCA requesting information concerning his direct appeal. On May 20, 2005, Petitioner received a copy of the OCCA's summary opinion affirming his convictions as well as a copy of the docket sheet for his appeal. See Dkt. # 9, Ex. B.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). The Tenth Circuit Court of Appeals has "limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir.2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). "Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Burger, 317 F.3d at 1141.

In this case, Petitioner asserts that he is entitled to equitable tolling because after the OCCA affirmed his convictions on direct appeal, he failed to receive prompt notice of the state appellate court's ruling from his appellate attorney. The Court finds that these allegations, if true, are not

extraordinary circumstances that warrant equitable tolling. Significantly, Petitioner had at least two (2) months remaining in his one-year period at the time he acknowledges he received notice of the OCCA's ruling from his mother. Furthermore, as there is no federal constitutional right to appointed counsel beyond a direct appeal, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), Petitioner cannot rely on his appellate counsel's alleged negligence as an excuse for his own failure to file timely his federal habeas petition. In sum, the Court concludes the record in this case fails to establish that Petitioner acted in a diligent fashion to preserve his right to file a federal habeas petition, or that the circumstances pointed to by Petitioner are so "extraordinary" that they would justify equitable tolling. He is not entitled to equitable or further statutory tolling of the federal limitations period. The petition for writ of habeas corpus shall be dismissed as barred by the statute of limitations.

As a result of today's ruling, Petitioner's motions for evidentiary hearing, for appointment of counsel, and to expedite cause have been rendered moot.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. Petitioner's motions for evidentiary hearing and for order appointing counsel (Dkt. # 10), and to expedite cause (Dkt. # 11) are **declared moot**.

4. A separate Judgment shall be entered in this case.

SO ORDERED THIS 23rd day of March 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma